UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARRISON MA, | CASE NO. C25-1235JLR |
| Plaintiff, | ORDER |
| v. | |
| NIKE, INC., | |
| Defendant. | |

Before the court is Defendant Nike, Inc.'s ("Nike") first motion to dismiss Plaintiff Harrison Ma's complaint. (*See* MTD (Dkt. # 13); *see also* Compl. (Dkt. # 1-2).) For the reasons explained below, the court DENIES as moot Nike's first motion to dismiss.

Mr. Ma filed his complaint in the King County Superior Court on May 29, 2025. (*See* NOR (Dkt. # 1) at 2; Compl.) On July 1, 2025, Nike removed the case to this district. On August 6, 2025, Nike moved to dismiss Mr. Ma's complaint. (MTD.) On August 27, 2025, however, Mr. Ma amended his complaint. (Am. Compl. (Dkt. # 14).)

ORDER - 1

1  Two weeks later, on September 10, 2025, Nike filed a second motion to dismiss as to Mr.
2  Ma's amended complaint, and this motion is not yet ripe. (*See* 2d MTD (Dkt. # 15)); *see*
3  *also* Local Rules W.D. Wash. LCR 7(d)(4) (setting noting dates for motions to dismiss).
4      A party may amend its complaint once as a matter of course no later than "21 days
5  after service of a responsive pleading or . . . a motion under Rule 12(b), (e), or (f),
6  whichever is earlier." *See* Fed. R. Civ. P. 15(a)(1)(B). An amended complaint
7  supersedes all previous complaints and renders them without legal effect. *See Falck N.*
8  *Cal. Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 765 (9th Cir. 2022).
9  Here, Mr. Ma timely amended his complaint as a matter of course (*see* Am. Compl.), and
10 Nike filed a second motion to dismiss (*see* 2d MTD). Consequently, Mr. Ma's original
11 complaint has been superseded, and Nike's first motion to dismiss is now moot.
12     Accordingly, the court DENIES as moot Nike's first motion to dismiss (Dkt.
13 # 13).
14     Dated this 10th day of September, 2025.

JAMES L. ROBART
United States District Judge

ORDER - 2