Honorable Judge James L. Robart

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

HARRISON MA, on his own behalf and on behalf of others similarly situated,

Plaintiff,

vs.

NIKE, INC.,

Defendant.

No.: 2:25-cv-01235-JLR

Honorable Judge James L. Robart

**PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER**

This Court ordered the parties to show cause. D.E. 30. In 2019, this Court denied a consumer's motion to remand and concluded that plaintiffs alleging violations of CEMA have Article III standing. *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1005–08 (W.D. Wash. 2019) (Robart, J.) (CEMA protects rights "remedied by nuisance or fraud actions"). This Court's analysis in *Eddie Bauer* was correct. *Montes* (9th Cir. 26-241) is no basis to stay this case.

This Court has subject matter jurisdiction or it doesn't. A stay of litigation is itself an *exercise* of jurisdiction because it pauses all proceedings. Defendant Nike removed this case. D.E. 1. That decision means that if the Court lacks subject matter jurisdiction, this Court must

RESPONSE TO SHOW CAUSE ORDER
2:25-CV-01235-JLR
Page 1

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

remand. 28 U.S.C. § 1447(c). So this case should remain in this Court and proceed (because Plaintiff has standing), *Eddie Bauer*, 415 F. Supp. 3d at 1005–08, or go back to state court where it was filed more than a year ago, 28 U.S.C. § 1447(c). But it should not be stayed.

## ARGUMENT

### I. A Stay is Not Justified Here.

Stays should be "rare." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109–10 (9th Cir. 2005). Case management alone does not justify a stay. *Id.*; *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007). Staying this case because the Ninth Circuit *might* have *something* to say about a CEMA claim against a different defendant in *somewhere* between 6 to 14 months is inefficient.[1] CEMA is a state law, and there is ample authority from that State's highest court on how to apply it. This Court has already done that. D.E. 20 at 5 (citing and analyzing *Brown v. Old Navy, LLC*, 567 P.3d 38, 47 (Wash. 2025)).

On this, the parties agree: Plaintiff has Article III standing, and the Court has subject matter jurisdiction. Defendant attested that jurisdiction was proper when it removed this case under CAFA and diversity theories. D.E. 1. Necessarily, Defendant has never averred that Plaintiffs lack standing here. D.E. 15 (motion to dismiss based on preemption and Rule 9(b)). The *Montes* case is inapposite. There, the court's cursory Article III determination turned on findings that plaintiff "welcome[d] Defendants' marketing emails[.]" *Montes v. Catalyst Brands LLC*, 2025 WL 3485827, at *3 (E.D. Wash. Dec. 4, 2025). There is no such finding here. The District Court in *Montes* also ignored the mandatory statutory directive to remand a case upon a finding it lacked subject matter jurisdiction. 28 U.S.C. § 1447(c). On removal jurisdiction,

---

[1] United States Courts, *U.S. Courts of Appeal—Median Time Intervals in Months for Civil and Criminal Appeals Terminated on the Merits, by Circuit* (Sep. 30, 2024), https://www.uscourts.gov/sites/default/files/2025-01/jb_b4a_0930.2024.pdf (average resolution of appeals is 13.1 months).

RESPONSE TO SHOW CAUSE ORDER
2:25-CV-01235-JLR
Page 2

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

remand is mandatory under the statute – period. *Polo v. Innoventions International, LLC*, 833 F.3d 1193, 1196–97 (9th Cir. 2000). And *Montes*'s analysis on subject matter jurisdiction is incorrect in any event, and as this Court ruled in 2019, as explained below. There is no indication *Montes* will "conclude[ ] within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

Courts considering stays look to possible damage, hardship, and the orderly course of justice. *In re PG&E Corporation Securities Litigation*, 11 F.4th 1076, 1087 (9th Cir. 2024); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). This case was filed *more than a year ago* in state court. D.E. 1-2 (case filed on May 29, 2025). Passage of time itself increases the risk of evidentiary deterioration and fading recollections. *See Lockyer*, 398 F.3d at 1112. And any burden on Defendant is ordinary litigation expense, not "hardship" justifying a stay. *Lockyer*, 398 F.3d at 1112 ("[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity."). And Plaintiff requested injunctive relief. D.E. 14 at ¶ 97.

The prejudice here is palpable – Plaintiff's case will essentially be parked in neutral while the Ninth Circuit extends briefing deadlines on an unknown timetable. Fundamentally, the Ninth Circuit cannot change the law as articulated by the Washington Supreme Court on how to interpret CEMA. Presume for a moment that the Ninth Circuit declares (wrongly) – that *no* plaintiff under CEMA has Article III standing in federal court. The only result of that decision would be that all the CEMA cases removed by defendants to federal court would go back to state court. 28 U.S.C. § 1447(c). These cases will move forward either way. So a stay is unjustified.

## II.   Plaintiff Has Standing.

Standing under Article III does not require a tangible injury. *Spokeo, Inc. v. Robins*, 578

RESPONSE TO SHOW CAUSE ORDER
2:25-CV-01235-JLR
Page 3

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

U.S. 330, 340 (2016). Actions to remedy "invasions of privacy, intrusion upon seclusion, and nuisance have long been heard by American courts, and the right of privacy is recognized by most states." *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017); *see also Cantrell v. City of Long Beach*, 241 F.3d 674, 684 (9th Cir. 2001) (state law can establish Article III harm). Spam is a nuisance and increases costs on consumers and businesses. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1044–45 (9th Cir. 2009) (emphasis added). Clogging people's inboxes with junk mail is one thing – but clogging consumer inboxes with *deceptive* spam is another.

CEMA gives consumers relief from commercial spam e-mail by requiring accuracy and truthfulness in the subject lines of such e-mails. *Brown v. Old Navy, LLC*, 4 Wash. 3d 580, 590–91 (2025) (en banc). The injury occurs when a recipient receives the false or misleading subject heading, which is what people look at to determine whether to engage with an email. *Id.* at 584. If Plaintiff proceeded on this claim in state court, it would go forward. *Defendant* made the decision to bring this case here. It should not be afforded the benefit of a stay (to which it would not be entitled in state court) on a state law claim just because the Ninth Circuit might have something to say about a claim under the same statute on different allegations and against a totally different defendant.

Courts in this District, including this one, have found that CEMA is related to nuisance theories cognizable for standing. *Liss v. Skechers USA Inc.,* 2026 WL 1392327, at *3 (W.D. Wash. May 19, 2026) ("[T]he Court concludes a violation of CEMA confers Article III standing."); *Eddie Bauer*, 415 F. Supp. 3d at 1005–08 (CEMA protects rights "remedied by nuisance or fraud actions"); *Brinton v. Vivint Inc.*, 2024 WL 3688589, at *3 (W.D. Wash. Aug. 7, 2024) ("This Court agrees with the other district courts that have found receipt of spam emails

RESPONSE TO SHOW CAUSE ORDER
2:25-CV-01235-JLR
Page 4

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

to be a concrete injury that establishes Article III standing."). It would be odd indeed for this Court to stay this case pending the outcome of *Montes* given the ruling on Article III issues in *Eddie Bauer* in 2019.

### CONCLUSION

Plaintiff has standing. *Montes* is not likely to change that, and even if it did, this case will go forward either way. A stay is unjustified.

RESPECTFULLY SUBMITTED AND DATED this 24th day of June, 2026.

*/s/ Michael C. Tackeff*
J. Gerard Stranch, IV (*pro hac vice*)
Michael C. Tackeff (*pro hac vice*)
**STRANCH, JENNINGS
& GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

*/s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA No. 46971
**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile:  (872) 263-1109
sam@straussborrelli.com

Walter M Smith, WSBA No. 46695
**SMITH & DIETRICH
LAW OFFICES PLLC**
1226 State Ave Ne Ste 205
Olympia, WA 98506
Telephone: (360) 915-6952
walter@smithdietrich.com

Lynn A. Toops (*pro hac vice*)
Natalie A. Lyons (*pro hac vice*)
Ian R. Bensberg (*pro hac vice*)
**COHENMALAD, LLP**

RESPONSE TO SHOW CAUSE ORDER
2:25-CV-01235-JLR
Page 5

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

*Counsel for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Michael C. Tackeff, hereby certify that, on this date, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 24th day of June, 2026.

*/s/ Michael C. Tackeff*
Michael C. Tackeff

RESPONSE TO SHOW CAUSE ORDER
2:25-CV-01235-JLR
Page 6

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419