UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HARRISON MA,

Plaintiff,

v.

NIKE, INC.,

Defendant.

CASE NO. C25-1235JLR

ORDER

## I. INTRODUCTION

Before the court are the parties' responses to the court's June 10, 2026 order to show cause why this matter should not be stayed. (Pl. Resp. (Dkt. # 32); Def. Resp. (Dkt. # 33); *see* 6/10/26 Order (Dkt. # 30).) The court has considered the parties' briefing, the relevant portions of the record, and the governing law. Being fully advised, and for the reasons set forth below, the court REMANDS this matter to King County Superior Court for lack of jurisdiction.

## II. BACKGROUND

Plaintiff Harrison Ma filed this putative class action in King County Superior Court on May 29, 2025. (Compl. (Dkt. # 1-2) at 1.) He alleges that Defendant Nike, Inc. ("Nike") sent him and other Washington consumers marketing emails with false or misleading information in their subject lines in violation of the Washington Commercial Electronic Mail Act ("CEMA"), ch. 19.190 RCW, and the Washington Consumer Protection Act ("CPA"), ch. 19.86 RCW. (*See generally id.*) Nike removed the action to this court on July 1, 2025, alleging that this court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1447(d). (Not. of Removal (Dkt. # 1).) Mr. Ma amended his complaint on August 27, 2025, and Nike moved to dismiss the amended complaint on September 10, 2025. (*See* Am. Compl. (Dkt. # 14); MTD (Dkt. # 13).) The court denied the motion to dismiss, holding that Mr. Ma's CEMA claim was not pre-empted by the Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM") Act, 15 U.S.C. § 7701 et seq., and (2) the amended complaint satisfied Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. (*See generally* 1/14/26 Order (Dkt. # 20).) The court did not address Mr. Ma's standing to bring his CEMA claim in that order. (*See generally id.*)

In late 2025, a court in the Eastern District of Washington held that a plaintiff in a similar CEMA/CPA action lacked Article III standing because she failed to allege a concrete harm. *See Montes v. Catalyst Brands LLC*, No. 2:25-cv-00281-TOR, 2025 WL 3485827, *2-3 (E.D. Wash. Dec. 4, 2025) ("*Montes I*"). Briefing on the appeal of that decision is ongoing. *See Montes v. Penney OpCo, LLC*, No. 26-241 (9th Cir. 2026)

(“*Montes II*”). Because it had similar concerns about Mr. Ma’s Article III standing in this case, the court ordered the parties to show cause why the court should not stay this matter pending the resolution of *Montes II*. (*See generally* 6/10/26 Order (observing that the appeal would likely provide guidance “on the threshold jurisdictional question of standing”).)

The parties timely responded to the order. (*See generally* Pl. Resp.; Def. Resp.) Mr. Ma asserts that a stay is unwarranted because he has standing pursuant to *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1005-08 (W.D. Wash. 2019). (*See generally* Pl. Resp.) He argues that the court should remand the action if it does not agree. (*Id.*) Relying on *Harbers*, Nike also argues that Mr. Ma has standing to pursue the case in this court, but contends that a stay pending the resolution of *Montes II* is in the interest of judicial economy. (*See generally* Defs. Resp.)

## III. ANALYSIS

“[W]hether or not the parties raise the issue, federal courts are *required* sua sponte to examine jurisdictional issues such as standing.” *D’Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (citation omitted, cleaned up). To establish Article III standing, “a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.” *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citation omitted). A “concrete” injury “must actually exist;” that is, it must be “real, and not abstract.” *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (internal quotation marks and citation

omitted). For the injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Id.* at 339 (citations omitted).

In *Montes I*, the court concluded that the plaintiff lacked standing, explaining that it "fail[ed] to see how receiving an email with a misleading or false subject line" caused a concrete harm where the plaintiff "d[id] not allege an economic loss, detrimental reliance, or any comparable injury." 2025 WL 3485827, at *3. The court further reasoned that "the simple act of failing to meet the standard requisite duty alone is not a harm" and that the "mere receipt of misleading or false subject lines in emails does not, by itself, constitute an injury." *Id.* The court also observed there was no "invasion of privacy or any similar injury to constitute a concrete harm" because the *Montes I* plaintiff had consented to receive emails from the defendant. *Id.*

Here, Mr. Ma does not allege that the emails he received from Nike were unsolicited, nor does he allege that he opened the emails, suffered harm from receiving them, or was actually misled by them. (*See generally* Am. Compl.) Article III standing, however, "requires a concrete injury even in the context of a statutory violation." *Popa v. Microsoft Corp.*, 153 F.4th 784, 789 (9th Cir. 2025) (citing *Spokeo*, 578 U.S. at 341); *see also TransUnion*, 594 U.S. at 427 ("[U]nder Article III, an injury in law is not an injury in fact."). Thus, even if Mr. Ma has plausibly alleged that Nike violated CEMA, he cannot pursue his claim in federal court because he failed to allege an Article III injury-in-fact. *See, e.g.*, *Hutton v. Papa John's USA, Inc.*, No. C25-1922KKE, 2026 WL 2210133, at *2 (W.D. Wash. July 31, 2026) (drawing the same conclusion in another CEMA case and remanding); *see also Nuri v. True Religion Apparel*, No. C25-0690LK,

2026 WL 864886, at *4 (W.D. Wash. Mar. 30, 2026) (remanding due to lack of standing). Because the court can determine that Mr. Ma lacks standing based on the allegations in his amended complaint, the court need not stay this case pending the resolution of *Montes II*.[1]

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing removal jurisdiction, even in CAFA cases, lies with the defendant seeking removal." *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). The court must reject jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). As a result, where, as here, a plaintiff lacks Article III standing, the district court must remand the case. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case."). Accordingly, the court remands this action to King County Superior Court for lack of Article III standing.

[1] In urging the court to find that Mr. Ma has standing, the parties rely in part on *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999 (W.D. Wash. 2019), in which this court concluded that the receipt of false and misleading emails was an injury-in-fact sufficient for Article III standing. *Harbers*, however, was decided before the Supreme Court decided *TransUnion* and before the Ninth Circuit decided *Popa v. Microsoft Corporation*, 153 F.4th 784 (9th Cir. 2025), both of which focused on the rules for determining whether a plaintiff has sufficiently alleged a concrete injury where the alleged harm is intangible. (*See TransUnion*, 594 U.S. at 424; *Popa*, 153 F.4th at 788).

## IV. CONCLUSION

For the foregoing reasons, the court REMANDS this matter to King County Superior Court for lack of jurisdiction.

Dated this 14th day of August, 2026.

JAMES L. ROBART
United States District Judge